IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v | ) | CR. NO. 2:07CR116-MEF |
| | ) | |
| JASON SIMPSON | ) | |

## **ORDER**

In accordance with the Bail Reform Act, 18 U.S.C. § 3142, a detention hearing was held on September 28, 2007, pursuant to the Government's Motion for Detention (Doc.#4). Based upon consideration of the evidence presented, the Court concludes that the defendant should be detained pending trial in this case.

### Part I -- Findings of Fact

There is probable cause to believe that the defendant has committed an offense for which the maximum term of imprisonment of ten years or more is prescribed in 18 U.S.C. § 922(g). The Defendant is charged by indictment with possessing a firearm after having been previously convicted of a felony. The defendant poses a danger to the community and serious risk of flight if released pending trial. No condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Part II - Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by clear and convincing evidence the defendant was on probation for a violation of Alabama law when the Grand Jury for the Middle District of Alabama indicted Simspon. On September 21, 2007, Mark Harold, an Alabama Probation Officer filed a warrant alleging the defendant absconded from

supervision and Simpson's whereabout were then unknown. Simpson was smoking cocaine base, when Deputy Marshals came to arrest Simpson. Simpson attempted to flee when he saw the Deputy Marshals. Simpson has an extensive arrest record which includes at least three felony convictions.

Further evidence at the hearing reveals the charges underlying the indictment came about from the arrest of Simpson on July 16, 2006. On July 16, 2006, a Deputy Sheriff saw Simpson was not wearing a seatbelt as he rode in the front passenger seat of a car. When the car pulled over, Simpson fled on foot. When Simpson fled from the car, the Deputy recognized Simpson, knew Simpson was a felon and knew Simpson had outstanding arrest warrants. During the foot chase, the Deputy saw Simpson throw the firearm in Count 1. Ultimately, the Deputy and another backup Officer had to use a Taser to arrest Simpson. As the two officers brought Simpson under control they found a small quantity of marijuana in his pocket.

Simpson has no verifiable employment and his criminal history leads the Court to conclude Simpson engages in various property offenses to support his extensive use of narcotics. From all the foreging facts, which constitute clear and convincing evidence, the Court finds Simpson to be a flight risk and danger to the community. Further, the court finds there are no conditions or combination of conditions which will reasonably assure the appearance of the defendant or protect the community and that the defendant should be detained.

**Part III - Directions Regarding Detention**

Therefore, it is ORDERED that the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending

appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

    Done on September 28, 2007.

                      /s/Terry F. Moorer
                      TERRY F. MOORER
                      UNITED STATES MAGISTRATE JUDGE