IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )  )| |
| v. ) | CR. NO. 2:07-cr-116-MEF |
| ) | |
| JASON SIMPSON ) | |

UNITED STATES' RESPONSE TO MOTION TO DISMISS

Comes now the United States of America, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and files the instant Response to Defendant Jason Simpson's Motion to Dismiss (Doc. # 19) as follows:

A.      18 U.S.C. § 922(g)(1) Does Not Violate the Second Amendment.

Defendant claims, without citing any legal support, that Section 922(g)(1) is unconstitutional because it unlawfully infringes upon his right to keep and bear arms as provided by the Second Amendment to the Constitution. (Doc. # 19, ¶ 1.) The United States submits that Defendant's argument is without merit as it is now well-settled that Section 922(g)(1) is not violative of the right to bear arms as guaranteed by the Second Amendment.[1] *See Lewis v. United States*, 445 U.S. 55, 65 n.8, 100 S. Ct. 915, 63 L. Ed. 2d 198 (1980) (approvingly citing case holding that § 922(g) does not violate the Second Amendment and noting that legislative restrictions on the use of firearms do not "trench upon any constitutionally protected liberties"); *see also, e.g., United States v. Napier*, 233 F.3d 394, 403 (6th Cir. 2000) ("Every circuit which has had occasion to address the issue has upheld § 922 generally against challenges under the Second Amendment.") (citations omitted).

---

[1] The Second Amendment provides that "[a] well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II.

Moreover, according to the precedent of the Eleventh Circuit, the Second Amendment protects "only the use or possession of weapons that is reasonably related to a militia actively maintained and trained by the states." *United States v. Wright*, 117 F.3d 1265, 1273 (11th Cir. 1997), *cert. denied*, 522 U.S. 1007, 118 S. Ct. 584, 139 L. Ed. 2d 422 (1997); *vacated in part on other grounds*, 133 F.3d 1412 (11th Cir. 1998); *cert. denied*, 525 U.S. 894, 119 S. Ct. 217, 142 L. Ed. 2d 178 (1998). Since Defendant failed to argue and has not shown that his gun possession is reasonably related to a state-run militia, his Second Amendment argument is patently without merit. *See United States v. Chavez*, 204 F.3d 1305, 1313 n. 5 (11th Cir. 2000) (noting that defendant may not have any claim under the Second Amendment since he has not shown his gun possession is reasonably related to a state-run militia); *United States v. Rivero*, 218 Fed. Appx. 958 (11th Cir. 2007) (finding that Second Amendment challenge to § 922(n) was foreclosed by *Wright*).

Furthermore, even if binding Eleventh Circuit precedent did not foreclose Defendant's Second Amendment challenge of § 922(g), the challenge should still be rejected because the statute is a reasonable regulation of any Second Amendment right Defendant may have. *Lewis*, *supra*, at 76 n.8. The United States Department of Justice maintains that the Second Amendment secures an individual right to keep and to bear arms. *See* August 24, 2004 Memorandum Opinion for the Attorney General (available at http://www.usdoj.gov/olc/secondamendment2.pdf). This principle was properly elucidated in *United States v. Emerson*, 270 F.3d 203, 264-65 (5th Cir. 2001), *reh'g and reh'g en banc denied*, 281 F.3d 1281 (5th Cir. 2001), *cert. denied*, 536 U.S. 907, 122 S. Ct. 2362, 153 L. Ed. 2d 184 (2002). In *Emerson*, the Fifth Circuit upheld the constitutionality of § 922(g)(8) and found that the "Second Amendment protects the right of individuals to privately keep and bear their own firearms that are suitable as individual, personal weapons . . . regardless of whether the

particular individual is then actually a member of a militia." *Id*. The *Emerson* opinion also clarified that despite the Second Amendment's protection of individual rights, said rights may be subject to reasonable restrictions which prevent unfit persons from possessing firearms or limit possession of firearms particularly suited to criminal misuse. *Id*. at 261. The United States Department of Justice asserts that the *Emerson* opinion, and the balance it strikes, generally reflect the correct understanding of the Second Amendment. *See* United States Br. in Opp'n to the Pet. for Writ of *Cert.*, pp. 19-20 n.3, *Emerson v. United States*, No. 01-8780. Thus, although Defendant has an individual right to possess a firearm, regulation of such possession for convicted felons is permissible and is not violative of the Second Amendment. *See, e.g., United States v. Everist*, 368 F.3d 517, 519 (5th Cir. 2004) (rejecting a Second Amendment challenge to § 922(g)(1) and holding that the statute "represents a limited and narrowly tailored exception to the freedom to possess firearms, reasonable in its purposes and consistent with the right to bear arms protected under the Second Amendment"). Accordingly, Defendant's Second Amendment argument is due to be rejected.

    B.    <u>18 U.S.C. § 922(g)(1) Is Not An Unconstitutional Exercise of Congress' Commerce Clause Power.</u>

Defendant also asserts that Congress exceeded its authority under the Commerce Clause in enacting § 922(g)(1). The United States contends that this argument is wholly without merit as the Eleventh Circuit has explicitly held that "§ 922(g)(1) is not an unconstitutional exercise of Congress's power under the Commerce Clause." *United States v. Nichols*, 124 F.3d 1265, 1266 (11th Cir. 1997) (citation omitted). *See United States v. McAllister*, 77 F.3d 387, 389-90 (11th Cir. 1996) (holding that § 922(g)(1) is constitutional and stating that the statute "is an attempt to regulate guns

that have a connection to interstate commerce; the statute explicitly requires such a connection," and because the government demonstrated that the defendant's firearm previously had traveled in interstate commerce, the statute was constitutional as applied to defendant); *United States v. Murphy*, 189 Fed. Appx. 878, 881 (11th Cir. 2006).  Hence, Defendant's Commerce Clause challenge to § 922(g)(1) is also due to be rejected.

Based on the foregoing, the United States respectfully requests that the Court deny Defendant's motion to dismiss.

Respectfully submitted this the 1st day of November, 2007.

LEURA G. CANARY
UNITED STATES ATTORNEY


/s/ Jerusha T. Adams
JERUSHA T. ADAMS
Assistant United States Attorney
Post Office Box 197
Montgomery, Alabama 36101-0197
334-223-7280 phone    334-223-7135  fax
jerusha.adams@usdoj.gov

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:07-cr-116-MEF |
| | ) | |
| JASON SIMPSON | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on November 1, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Donnie W. Bethel.

              Respectfully submitted,

              LEURA G. CANARY
              UNITED STATES ATTORNEY

              /s/ Jerusha T. Adams
              JERUSHA T. ADAMS
              Assistant United States Attorney
              Post Office Box 197
              Montgomery, Alabama 36101-0197
              334-223-7280 phone   334-223-7135 fax
              jerusha.adams@usdoj.gov