IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | CR. NO. 2:07cr116-MEF |
| | ) | |
| JASON SIMPSON | ) | |
| | ) | |

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

This cause is before the Court on the *Motion to Dismiss* filed by Defendant Jason Simpson ("Simpson"). *See* Doc. 19, filed October 26, 2007. After considering all submissions and analysis of the relevant law, the Magistrate Judge recommends that the District Judge DENY the Motion to Dismiss..

**I. FACTUAL BACKGROUND AND MOTION TO DISMISS**

On July 16, 2006 Simpson was arrested for knowingly possessing a firearm in violation of 18 U.S.C. § 922(g)(1) as he was convicted of multiple felonies on April 25, 2006 in Lowndes County, Alabama. He was in possession of a ROHM, Model RG10 (F.A.B.), .22 caliber short revolver. Simpson was also charged with possession of marijuana in violation of 21 U.S.C. § 844(a). *See* Doc. 1, Indictment.

Simpson files a Motion to Dismiss, which he acknowledges under Eleventh Circuit precedent must be denied. *See* Doc. 19 at ¶ 3. He asserts 18 U.S.C. § 922(g)(1) is unconstitutional because it unlawfully infringes upon Simpson's Second Amendment right to keep and bear arms and is an unlawful exercise of Congressional authority to regulate

interstate commerce under Article I, Section 8, Clause 3 of the United States Constitution. *Id.* at ¶¶ 1-2.  The United States submitted its response on November 1, 2007.  *See* Doc. 20.

## II. ANALYSIS

Section 922(g)(1) states that it is unlawful for any convicted to "possess in or affecting commerce, any firearm." 18 U.S.C. § 922(g)(1).  As acknowledged in his Motion to Dismiss, Eleventh Circuit precedent clearly establishes a Second Amendment challenge to constitutionality of § 922(g) fails and must be dismissed.  *See United States v. Chavez*, 204 F.3d 1305, 1313 n. 5 (11th Cir. 2000) (citing and quoting *Lewis v. United States*, 445 U.S. 55, 65 n. 8, 100 S.Ct. 915, 921, 63 L.Ed.2d 198 (1980)) ("approvingly citing case holding that § 922(g) does not violate Second Amendment and noting that these legislative restrictions do not 'trench upon any constitutionally protected liberties.'").  As such, Simpson's challenge that § 922(g)(1) is unconstitutional under the Second Amendment of the United States Constitution must be denied.

Simpson's claim that Congress exceeded its authority under the Commerce Clause in enacting § 922(g)(1) must also fail under Eleventh Circuit precedent.  The Eleventh Circuit has explicitly held on numerous occasions that "§ 922(g)(1) is not an unconstitutional exercise of Congress'[] power under the Commerce Clause..." *United States v. Nichols*, 124 F.3d 1265, 1266 (11th Cir. 1997); *United States v. McAllister*, 77 F.3d 387, 391 (11th Cir. 1996); *see also United States v. Chisholm*, 105 F.3d 1357, 1358 (11th Cir. 1997) (holding *McAllister* remains binding precedent); *United States v. Wright*, 392 F.3d 1269, 1280 (11th Cir. 2004) (holding the Eleventh Circuit has consistently upheld the validity of § 922(g)).

Consequently, Simpson's Commerce Clause challenge to § 922(g)(1) should be denied.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the *Motion to Dismiss* (Doc. 19, filed October 26, 2007) be DENIED.

It is further ORDERED that the parties are DIRECTED to file any objections to the said Recommendation not later than **November 19, 2007**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

DONE this 6th day of November, 2007.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE