IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:07-cr-116-MEF |
| | ) | |
| JASON SIMPSON | ) | |

MOTION IN LIMINE TO INTRODUCE EXTRINSIC ACT EVIDENCE
PURSUANT TO RULE 404(b) OF THE FEDERAL RULES OF EVIDENCE

Comes now the United States of America, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and notices its intent to introduce evidence of other crimes, wrongs, and acts committed by the defendant, Jason Simpson. The below-listed act meets the standard set forth in United States v. Beechum, 582 F.2d 898 (5th Cir. 1978).[1] As grounds, the United States sets forth the extrinsic evidence and the law as follows:

PROFFER OF EXTRINSIC EVIDENCE

Jason Simpson is charged with being a felon in possession of a firearm and simple possession of a controlled substance. The United States expects the defendant to argue lack of intent to possess the controlled substance. Consequently, at the trial of this case, the United States intends to offer the following evidence: On September 21, 2007, the defendant possessed a controlled substance for personal use. Specifically, the United States intends to introduce evidence that when Deputies of the United States Marshals Service ("DUSM") approached the residence of the defendant's mother to effectuate his arrest, the defendant ran from the carport into the woods behind the residence. After the DUSM apprehended the defendant, he provided a false name and stated that he was sitting on

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

the carport smoking crack. The DUSM returned to the residence of the defendant's mother and she identified the defendant as her son, Jason Simpson. The United States submits that the evidence of this subsequent possession of a controlled substance[2] is necessary to rebut any defense argument minimizing defendant's intent to possess the controlled substance as charged in the instant case.

## DISCUSSION

Rule 404(b) of the Federal Rules of Evidence provides that:

> [e]vidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

Fed. R. Evid. 404(b). As established by United States v. Beechum, 582 F.2d 898 (5th Cir. 1978) (en banc), the test for admissibility under this rule has three parts.

> First, the evidence must be relevant to an issue other than the defendant's character. Second, as part of the relevance analysis, the evidence must be sufficient to support a finding that the defendant actually committed the extrinsic act. Third, the probative value of the evidence must not be substantially outweighed by unfair prejudice.

United States v. Diaz-Lizaraza, 981 F.2d 1216, 1224 (11th Cir. 1993) (citations omitted). The United States asserts that the extrinsic evidence in this case satisfies the three step Beechum test and thus is due to be admitted as proper 404(b) evidence.

---

[2] Notably, Defendant's possession of the crack cocaine is necessary in order for him to ingest it.

First, the extrinsic evidence is relevant[3] to an issue other than the defendant's character, to wit: the evidence is relevant to the issue of defendant's intent. The intent element of the extrinsic evidence is identical to the intent element of the charged controlled substance offense: intentional possession of a controlled substance. Intent to possess a controlled substance is material to this case because it is an element of the charged controlled substance offense that the United States is required to prove.[4] The only difference between the charged offense and the extrinsic offense is the type of drug involved (i.e., one involves marijuana and the other involves crack cocaine). Under Eleventh Circuit precedent, the difference in drug type is immaterial to the admission of the extrinsic offense. See Diaz-Lizaraza, 981 F.2d at 1224 (citing United States v. Hernandez, 896 F.2d 513, 522 (11th Cir. 1990) and United States v. Cardenas, 895 F.2d 1338, 1342 (11th Cir. 1990)). Moreover, "[i]t is well-settled that the government may introduce the evidence of the defendant's extrinsic acts to prove intent if the defendant does not affirmatively take the question of intent out of contention by stipulating to the requisite intent." United States v. Salery, 830 F. Supp. 596, 598 (M.D. Ala. 1993) (internal quotations and citations omitted). "A defendant's strategic decision not to focus the defense on the intent issue falls far short of a stipulation that the defendant possessed the requisite intent." Id. (citation omitted). Thus, the United States submits that unless Defendant is willing to stipulate

---

[3] Under Federal Rule of Evidence 401, "[r]elevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401 (internal quotations omitted). Hence, the materiality of the issue of Defendant's intent is also discussed.

[4] See United States v. Stone, 139 F.3d 822, 834 (11th Cir. 1998) (noting that elements of a criminal offense under 21 U.S.C. § 844(a) is "knowing or intentional possession of any controlled substance not obtained by a valid prescription").

to having the intent to possess the marijuana, the extrinsic evidence of Defendant's possession of crack cocaine is relevant.

Second, the extrinsic evidence is sufficient to support a finding that Defendant actually committed the extrinsic act. "That the defendant committed the extrinsic offense need not be proven beyond a reasonable doubt or even by clear and convincing evidence." United States v. Astling, 733 F.2d 1446, 1457 (11th Cir. 1984). "Under Federal Rule of Evidence 104(b), such a preliminary fact could be decided by the judge against the proponent of the extrinsic evidence only if a jury could not reasonably find from the evidence that the defendant committed the extrinsic offense." Id. (citations omitted). The United States intends to introduce the testimony of Deputy United States Marshal Athen Reeves. Reeves will testify that, after Defendant was apprehended, he admitted that he was under the carport smoking crack. Surely, Defendant's own admission of committing the extrinsic act is ample evidence to support the requisite finding.

Third, the United States submits that the probative value of the extrinsic evidence is substantially outweighed by any danger of unfair prejudice.[5] "Factors to be considered" in this determination "include the strength of the government's case on the issue of intent, the overall similarity of the extrinsic and charged offenses, the amount of time separating the extrinsic and charged offenses, and whether it appeared at the commencement of trial that the defendant would

---

[5] As stated in Beechum,

> Once it is determined that the extrinsic offense requires the same intent as the charged offense and that the jury could find that the defendant committed the extrinsic offense, . . . we turn to the second step of the analysis required by rule 404(b), whether the evidence satisfied rule 403.

582 F.2d at 913.

contest the issue of intent." Astling, 733 F.2d at 1457 (citations omitted). Here, the probative value of the extrinsic evidence is high because the United States' need for this evidence is great;[6] the offenses are exactly identical (i.e., simple possession of a controlled substance); the offenses occurred only fourteen months apart;[7] and intent is a critical contested issue at trial. In addition, there is little likelihood of the evidence causing unfair prejudice as it "[is] not of a heinous nature, likely to incite the jury to an irrational decision; nor [is] it cumulative or confusing to the jury." Id. (internal citations omitted). Further, the Court can and should instruct the jury as to the proper use of the evidence by the jury. Indeed, such limiting instructions have been approved and recommended by the Eleventh Circuit,[8] as well as the United States Supreme Court.[9]

## CONCLUSION

For the reasons set forth above, the United States respectfully requests that the Court admit the above extrinsic act evidence at the trial of this case.

Respectfully submitted this 7th day of January, 2008.

---

[6] The United States has a strong need for this extrinsic act evidence because it anticipates that Defendant will deny any connection with the marijuana at issue and there are no government witnesses who can testify to Defendant's intent to possess the marijuana. Such fact will be proved by circumstantial evidence.

[7] See Salery, 830 F. Supp. at 599 (admitting extrinsic act evidence that occurred four years before the charged offense); also United States v. Pessefall, 27 F.3d 511, 516-17 (11th Cir. 1994) (upholding admission of extrinsic evidence which occurred eight years prior to charged offense).

[8] See Eleventh Circuit Pattern Jury Instructions (Criminal), Special Instruction No. 4.; Trial Instruction No. 4 (2003).

[9] See Huddleston v. United States, 485 U.S. 681, 691-692 (1988) (noting that a trial court's instruction regarding similar acts evidence protects against unfair prejudice).

LEURA G. CANARY
UNITED STATES ATTORNEY


/s/ Jerusha T. Adams
JERUSHA T. ADAMS
Assistant United States Attorney
Post Office Box 197
Montgomery, Alabama 36101-0197
334-223-7280 phone     334-223-7135   fax
jerusha.adams@usdoj.gov

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CR. NO. 2:07-cr-116-MEF |
| ) | |
| JASON SIMPSON ) | |

CERTIFICATE OF SERVICE

I hereby certify that on January 7, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Donnie W. Bethel.

    Respectfully submitted,

    LEURA G. CANARY
    UNITED STATES ATTORNEY

    /s/ Jerusha T. Adams
    JERUSHA T. ADAMS
    Assistant United States Attorney
    Post Office Box 197
    Montgomery, Alabama 36101-0197
    334-223-7280 phone   334-223-7135 fax
    jerusha.adams@usdoj.gov